UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARK ANTHONY ROBINSON, : | |
| Plaintiff : | |
| : | CIVIL ACTION NO. 3:11-1724 |
| v. : | |
| : | (MARIANI, D.J.) |
| FRANKLIN J. TENNIS, et. al. : | (MANNION, M.J.) |
| Defendants : | |

## REPORT AND RECOMMENDATION[1]

Presently before the court is the plaintiff's motion for injunctive relief. (Doc. No. 12). Based upon the court's review of the motion and related materials, it is recommended that the motion be denied.

In his motion, the plaintiff seeks injunctive relief against "Lieutenant Gardner who is presently the 6:00 a.m. to 2:00 p.m. SMU Lieutenant." The plaintiff claims that Lieutenant Gardner is not allowing him access to the law library. The plaintiff also seeks injunctive relief against "Unit Manager Chambers, Superintendent Ditty, and Property Officer Huber who each have directly or indirectly attempted to deny plaintiff access to the court by retaliatorily (sic) denying plaintiff a properly prescribed legal cell and property room exemptions." None of the individuals against whom the plaintiff seeks injunctive relief in this motion are named defendants in this action.

In considering the plaintiff's motion, a preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

(3d Cir. 1982). Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.'" Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992). In considering a motion for injunctive relief, the court must consider: (1) whether the movant has shown probability of success on the merits; (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Brian B. v. Commonwealth, 230 F.3d 582 (3d Cir.2000). The plaintiff must demonstrate each of the four (4) elements to be entitled to preliminary injunctive relief. See Skehan v. Board of Trustees, 353 F.Supp. 542, 543 (M.D.Pa.1973) (Muir, J.).

Furthermore, to the extent that the plaintiff seeks injunctive relief against non-parties, it is clear that a non-party cannot be bound by the terms of an injunction unless the non-party is found to be acting 'in active concert or participation' with a party to the action. See Fed.R.Civ.P. 65(d). See also Elliott v. Kiesewetter, 98 F.3d 47, 56 (3d Cir. 1996).

The motion for injunctive relief filed by the plaintiff in this case is aimed at seeking injunctive relief against non-parties. The plaintiff has made no showing that these individuals are acting in active concert or participation with the named parties in this action. As such, the plaintiff's motion for injunctive

relief should be denied.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the plaintiff's motions for injunctive relief, **(Doc. No. 12)**, be **DENIED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

Dated: March 26, 2012
O:\shared\REPORTS\2011 Reports\11-1724-01.wpd