THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK ANTHONY ROBINSON  :

        **Plaintiff** :

        **v.** :    **3:11-CV-1724**
:    **(JUDGE MARIANI)**

**FRANKLIN J. TENNIS, et al.,** :
:
        **Defendants** :

## MEMORANDUM OPINION

### I.  Procedural History and Statement of Facts

Plaintiff, an inmate at SCI-Rockview, filed his Complaint (Doc. 1) on September 15,

2011.  Though the Complaint asserted various constitutional claims under 42 U.S.C. § 1983

against fifteen defendants, he alleged only one claim against Defendant Koltay.  Plaintiff

claimed Defendant Koltay, a physician's assistant, was deliberately indifferent to his medical

needs when, following an incident with prison officials on October 22, 2010, she refused to

treat him after he complained to her of back pain.  (*Id.* at ¶¶ 11-18).

Defendant Koltay filed a Motion to Dismiss (Doc. 25) on February 1, 2012, arguing

that Plaintiff had failed to exhaust his administrative remedies, as required by 42 U.S.C. §

1997e(a), before initiating suit in federal court.[1]  Defendant Koltay also contended that

Plaintiff had failed to sufficiently plead a claim for deliberate indifference because

---

[1] In her motion to dismiss (Doc. 25), Defendant Koltay construed Plaintiff's Complaint to include a
medical malpractice claim against her under Pennsylvania state law.  In his one-page Brief in Opposition to
Defendant Koltay's Motion (Doc. 42), Plaintiff states that "Plaintiff does not make a claim against Defendant Koltay
for medical malpractice."  As such, this Order will pertain only to Plaintiff's Eighth Amendment claim against
Defendant Koltay.

complaints of temporary "back pain" without any diagnosis of a back injury were not allegations of a serious medical need.

Because Defendant Koltay attached two affidavits and various exhibits in support of her contention that Plaintiff had failed to exhaust his administrative remedies (*see infra*), Judge Mannion issued an order, converting her motion to dismiss to a motion for summary judgment and requiring Plaintiff to file a brief in opposition to her motion by May 1, 2012. (Doc. 39). In the meantime, Plaintiff had failed a Motion to Amend Complaint (Doc. 33), which Judge Mannion denied without prejudice, subject to renewal "if appropriate, upon the court's ruling on the issue of whether the plaintiff has properly exhausted his administrative remedies with respect to defendant Koltay." (Doc. 39).

## II. Standard of Review

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact." FED. R. CIV. P. 56(a). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Brightwell v. Lehman*, 637 F.3d 187, 194 (3d Cir. 2011).

"As to materiality, ... [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202

(1986). The party moving for summary judgment bears the burden of showing the absence

of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106

S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

Once the movant has made her showing, the non-movant must offer specific facts

contradicting those averred by the movant to establish a genuine issue of material fact.

*Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990).

"Inferences should be drawn in the light most favorable to the non-moving party, and where

the non-moving party's evidence contradicts the movant's, then the non-movant's must be

taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.

1992), *cert. denied* 507 U.S. 912, 113 S. Ct. 1262, 122 L. Ed. 2d 659 (1993).

## III. Analysis

Defendant Koltay argues that Plaintiff failed to exhaust his administrative remedies

before filing this lawsuit. The Prison Litigation Reform Act ("PLRA") provides in relevant

part:

> No action shall be brought with respect to prison conditions under section
> 1983 of this title, or any other Federal law, by a prisoner confined in any jail,
> prison, or other correctional facility until such administrative remedies as are
> available are exhausted.

42 U.S.C. § 1997e(a). In *Woodford v. Ngo*, the Supreme Court held that "the PLRA

exhaustion requirement requires proper exhaustion." 548 U.S. 81, 93, 126 S. Ct. 2378, 165

L. Ed. 2d 368 (2006). "Exhaustion is mandatory, and prisoners must exhaust all 'available'

remedies, even where the relief sought cannot be granted through the administrative

process." *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (internal citations omitted). "[T]he determination whether a prisoner properly exhausted a claim is made by evaluating compliance with the prison's specific grievance procedures." *Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010).

Defendant Koltay attached the affidavits of Michael Bell and Dorina Varner to the brief in support of her motion. (Doc. 31, Ex A). Bell, the Superintendent's Assistant and Litigation Coordinator, is responsible for keeping inmate records. (Bell Ver., at ¶¶ 1-2). A search of Plaintiff's records revealed that he filed one grievance (No. 340486) arising out of the incident on October 22, 2010. (*Id.* at ¶ 6). "No other grievances concerning this incident were found during the review of inmate Robinson's records." (*Id.* at ¶ 7). Varner, Chief Grievance Officer at the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"), averred that Plaintiff "did not appeal [Grievance No. 340486] to the involved facility Superintendent, nor did he pursue the grievance through final review" (Varner Ver. at ¶¶ 2, 4, 16) as required by Department Policy DC-ADM-804 (*Id.*, Ex. 1). Defendant Koltay also attached copies of Grievance No. 340486 and correspondence from SOIGA regarding the status of Plaintiff's grievance as proof of his failure to exhaust his administrative remedies.

In both of his briefs in opposition (Docs. 42, 45),[2] Plaintiff failed to address the issue of exhaustion of administrative remedies. In the face of documented evidence of Plaintiff's failure to exhaust administrative remedies, the Court construes Plaintiff's silence on the

---

[2] Though Doc. 45 appears to be a brief in opposition to the other defendants' motion for summary judgment (Doc. 26), to the extent it pertains to Defendant Koltay, the Court will consider Plaintiff's arguments.

matter as a concession that he did not appeal his grievance to final resolution. Because it is undisputed that Plaintiff failed to exhaust his administrative remedies with respect to his grievance against Defendant Koltay for denial of medical treatment, the Court must enter judgment in favor of Defendant Koltay on this claim.

Even had Plaintiff properly exhausted his administrative remedies, though, Defendant Koltay would still be entitled to summary judgment. To establish a *prima facie* case of cruel and unusual punishment based on the denial of medical care, a plaintiff must show that defendants acted with deliberate indifference to his "serious medical needs." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (finding that HIV diagnosis and heart conditions were objectively serious medical needs) (internal citations omitted). Moreover, the condition must be "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991); *see also Tsakonas v. Cicchi*, 308 F. App'x. 628, 632 (3d Cir. 2009) (finding that "weight loss, eczema of the feet, seborrhea of the scalp, athlete's foot, constipation, and swollen knuckles on [plaintiff's] right hand" were not serious medical conditions. "These are not life-threatening conditions, and it is undisputed . . . that [the plaintiff] has [not] suffered any long-term effects from any delay in treatment.").

Plaintiff complained of lower back pain following his run-in with prison officials on October 22, 2010. Though he claims he was transported to an observation room via

wheelchair (Doc. 1, ¶ 12), there is no allegation or evidence that this back pain continued beyond the 22nd or that he suffered any long-term effects from his alleged back trauma. As such, the Court concludes that Plaintiff's back pain was temporary and not life-threatening, and therefore, not a serious medical need.

## IV. Conclusion

For the foregoing reasons, the Court will grant Defendant Koltay's converted Motion for Summary Judgment (Doc. 25) because Plaintiff failed to exhaust his administrative remedies and he failed to plead a claim for which relief may be granted. However, the Court will grant Plaintiff leave to amend his complaint against the remaining defendants. A separate Order follows.

Robert D. Mariani
United States District Judge